Caldwell, J.
This case is here on appeal from the Common PleasCourt. The plaintiff's say, that they should have an injunction *113 against defendant, to enjoin him fom collecting certain taxos on their real property, because said taxes are assessed without authority of law. They do not ask to have the entire taxes restrained, but only that portion resulting from what they clcaim is an illegal increase of the taxable value of their property. The value of the property was increased by the board created under the statute, 89, O. L. 283. The board under this statute increased the taxable value of all the real property of the second ward of Cleveland ten per cent. It is claimed by the plaintiffs that this was illegal, first, because the board acted without personal notice to the owners; and second, because the law, 89 O. L. 283, under which the board was created and acted, is unconstitutional, because it violates two provisions of the constitution of the state of Ohio; first, Article 2, Sec. 26: “All laws of a general nature shall have a uniform operation throughout the State.”
Second, Article 12, Sec. 2: “Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property, according to its true value in money.”
This case was tried upon an agreed statement of facts; and we think that the agreed facts show that the plaintiffs all had actual notice of the action about to be taken by the Board, and of which they now complain. Even if this is not so, the law under which the board acted does not require notice, and the board could act without personal notice. The facts show there was published notice. No claim is made that the board acted unwisely, or without sufficient cause.
In determining whether the law is unconstitutional, it becomes important to see what powers are conferred on the board. Section 1 povides: “That in cities of the second grade of the first class there shall be a board of equalization *114 and assessment, to be composed of three members, electors of said city, not more than two of whom shall belong to the same political party This board is denominated a Board of Equalization and Assessment, There is no complaint in the petition in regard to the appointment of the board; or that they were not suitable; nor is there any complaint against their exercising the powers conferred upon them in this statute, except as to the powers enumerated in section 5,
Section 7 provides: “The decennial assessment of real estate to be made in the year 1900,and every tenth year thereafter, as provided by law, shall, in cities of the second grade of the first class be made by said board” And the section further provides how they are to proceed to make the assessment. This section is the only one contained in the statute for this board to act as an assessing board. All its other powers pertain to equalization.
Section 5 provides: “As soon as practicable after the first Monday of May, 1892, and annually thereafter, the said board shall proceed to hear complaints and to equalize the valuation of all real property in such city, and it shall have the power to raise the valuation of such tracts and lots of real property as in its opinion are valued below the true value thereof, and to reduce the valuation of such tracts apd lots as in its opinion are valued above their true value, as compared with the average valuation of the real property in such city, and it shall have all the powers provided by law for decennial county boards for the equalization of real property, and shall be governed by the rules prescribed for such decennial county boards in equalizing the valuations returned by district assessors; provided, that it shall not reduce the value of the real property of the city below the aggregate value thereof as fixed by the state board of equalization, nor below its aggregate value on the duplicate of the preceding year, to which shall be added the value of all new entries and new structures, over the value of those destroyed as returned for the current year.”
*115 This statute means, we think, that this board is to act as a decennial county board for the equalization of real property, and in doing this, must be governed by the rules prescribed for such decennial county boards. It means further, that in any other year than the decennial year, the board may hear complaints, and may equalize the valuation of real property in the city of Cleveland; and it may raise the value ■of any parcel or parcels, if in its opinion they are valued below the true value thereof, and to reduce the valuation of such tracts and lots as in its opinion are valued above their true value. But this true value is determined by the ■average valuation of real property in the city as fixed by the -decennial valuation, so that in fixing any different value upon any parcel or parcels of land, in any other year than the decennial year, the board must take as the standard of value, the valuation determined upon in the decennial year. The statute reads that this true value that property is to be placed at is to be determined by comparing it with the average valuation, not the average value of real property in the city; which we think means the decennial valuation.
We are of the opinion that this statute is general, and we will not undertake to go through with the many decisions that have been cited from our Supeme Court in this ■case, to analyize and show upon what we base our opinion. The statute is so much like many others that have been classified as general statutes by the Supreme Court, that an extended analysis and examination of the cases is not necessary at this time.
The next question is, does this statute violate the provision of the constitution as provided in Article 12, Sec. 2, that: “Laws shall be passed, taxing by a uniform rule, etc. 'The law is well settled in this state, as appears from Wagner v. Loomis, 37 Ohio St. 571; and State ex. rel. v. Jones, Auditor, 51 Ohio St. 492, that this constitutional provision does not extend to the mode and manner that the *116 state - may provide for the assessment of property and the equalization thereof, nor the manner of collecting the tax; and there is nothing in the constitution which requires property to be taxed according to the same per cent; and the equality required by the constitution has no other test. This is the doctrine laid down in these cases. It is impossible to arrive at an exact equality in the levying of taxes. Any system, or any provision of law, that substantially carries out the purposes of the constitution, should be upheld by the courts.
We find, then, that the law provides different agencies for equalizing taxation. The counties have one provision; the City of Cincinnati has another, and this city has still another. And if substantial equality is maintained under these several provisions, there can be no legal objection to any of them.
One objection, the only one that could possibly be urged against section 5 of the statute under consideration that cannot be urged against other boards for equalizing, increasing and decreasing value, is, that the board provided for in section 5 may raise the value of such tracts as in its opinion are valued below the average valuation of other property, and may reduce when, in its opinion, any property is too high as compared with the average valuation; and this average valuation is, as we have said, a decennial valuation. The other boards have the power, whenever it is made to appear to their satisfaction, to increase or reduce the valuation of any real estate, if there is gross inequality between its value and the average value of other property asdetemined by the decennial equalization. The difference between these provisions is very slight, if any. In the one case, if property is too low or tco high, according to the standard, the board can act. Under the other provisions, the board can act when there is gross inequality.
As we have already said, exact equality, while within *117 the intent of the law, is scarcely possible in its ‘actual operation,and it is the meaning of section 5, that the board shall act only when the valuation is clearly above, or clearly below the established average valuation; and the difference between this meaning and that of- gross inequality may be slight. But the statutes, in our opinion, in their provisions, provide substantially the same rule for equalizing the valuation of property, It follows, that there is no power conferred upon the board by section 5 of the statute under consideration that is not conferred upon other boards performing like duties.
Burke & In-f/ersolls, for Plaintiffs.
P.'S. Kaiser, and M. G. Norton', Phillips, Ford & Crowell, for- Defendant,
This being true, a faithful execution of the provisions of these different statutes would place upon the duplicate for taxation the real estate according to its true value in money, or substantially so, and the equality required by the constitution would be fully complied with.
“In determining whether an act of the legislature is or is not in conflict with the constitution, it is a settled rule, that the presumption is in favor of the validity of the law”, 51 Ohio St. 503. The presumption therefore is, the difference between the statutes being so slight, that the legislature supposed it was providing a uniform rule; substantially the same rule for Cleveand that it has provided for other parts of the state.
We think the law is constitutional. The injunction is not allowed, and the plaintiffs’ petition is dismissed.